IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LESLIE L. MOSS, PRO SE, also known as LESLIE LLOYD MOSS, TDCJ-CID No. 896113,<br><br>Plaintiff,<br><br>v.<br><br>MARTHA MAES,<br><br>Defendant. | 2:11-CV-0246 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff LESLIE L. MOSS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-named defendant and has been granted permission to proceed pursuant to Title 28, United States Code, section 1915.

Plaintiff alleges he was accused of sexual assault by his cellmate on July 24, 2008, and was placed in pre-hearing detention pending investigation; but, twelve days later, after his cellmate was transferred, plaintiff was returned to general population. Three months later, plaintiff was accused of extortion, his cell was searched without discovery of any evidence, his accuser was transferred to another building, and plaintiff's status and housing assignment remained unchanged. Plaintiff states his accuser filed a complaint with prison officials saying plaintiff was a threat to his safety. Plaintiff alleges that, among her duties, defendant Sgt. MAES handles such complaints. Plaintiff says that, about two days later, defendant Sgt. MAES confronted him on the sidewalk and said, "I will get you."

Plaintiff alleges "upon further information," that defendant Sgt. MAES advised his accuser to file sexual assault charges or write a statement that plaintiff had raped him so MAES could put plaintiff in lock-up. Plaintiff states that, "after being told all of the information," MAES ordered him placed in pre-hearing detention, but sixteen days later he was released to general population for two days, after which he was placed in transit pending an administrative segregation hearing. Plaintiff does not reveal the result of that hearing.

Plaintiff says that, in April of 2009, the "Board of Huntsville" ordered plaintiff released to general population but he was reviewed by the unit about sixteen days later and was demoted to G5 and placed in high security/close custody.

Plaintiff states on October 13, 2009, he was promoted to G4/3 Building; but six hours later, defendant Sgt. MAES ordered his placement in pre-hearing detention, stating, "I told you I would get you." The next day, plaintiff was served with a disciplinary case for sexual assault. The charging officer was defendant Sgt. MAES. At plaintiff's October 19, 2009 disciplinary hearing, he was found guilty based upon defendant MAES' testimony that plaintiff had been indicted or "true billed" by a grand jury on the sexual assault charge. Plaintiff does not challenge the truth of her testimony. Plaintiff says that, when his counsel substitute asked what other evidence she had, the defendant refused to answer. Plaintiff was punished with 15 days in solitary, 45 days' loss of recreation, commissary, and property privileges, as well as remaining Line class 3.

Plaintiff argues that, due to the disciplinary case by defendant MAES, which he says was meritless, he was placed in administrative segregation and has been kept there based on that case and defendant Sgt. MAES' recommendation.

Plaintiff says that, because of this, he "challenges the duration of the confindment [sic]."

Plaintiff requests injunctive relief in the form of an order that defendants release him to general population at his former classification status and an award of nominal and punitive damages in unspecified amounts.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's original Complaint and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

3

## THE LAW AND ANALYSIS

Plaintiff dated his signature on the complaint October 13, 2011 and presumably mailed it that day. Under the Mailbox Rule, plaintiff's complaint was filed as of October 13, 2011. Because there is no federal statute of limitations for civil rights actions, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Therefore, any claims based on events before October 13, 2009 are barred by the Statute of Limitation. Plaintiff's allegations for the time period before October 13, 2009 are set forth herein to provide a complete narrative of the facts surrounding his claims based on subsequent events. To the extent plaintiff is attempting to assert a claim based on the pre-October 13, 2009 events, such claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff claims defendant Sgt. MAES brought a disciplinary case against him without probable cause and that his continued confinement in administrative segregation is wrongful.

Malicious prosecution no longer provides an independent basis for a section 1983 claim in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Id.* To the extent plaintiff claims defendant Sgt. MAES wrote him a false disciplinary case, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff clams his confinement in administrative segregation is the product of defendant MAES' recommendation. Review of Exhibit "A" and Exhibit "F," both attached to plaintiff's complaint, does not support this contention. Both exhibits are TDCJ form I-169, entitled

4

"Administrative Segregation (Ad Seg) Initial Placement & Notification." Exhibit A shows plaintiff was recommended for Ad Seg by a Captain Phillips in February of 2009 because he "is a CRIP member who presently presents a threat to the physical safety of the offenders by having two alledged [sic] sexual assaults against him one which is pending criminal charges." Exhibit F shows an October 2009 recommendation of Ad Seg confinement because "O/F Moss is a confirmed Crip & has used his afffiliation [sic] as intimidation tacticks [sic]. Moss was found guilty of dis. # 20100045320 on 10/14/09 for L1/7.-Sexual Abuse. Another Sexual Abuse EAC #i-01425-01-09 has also been submitted to the Potter Grand Jury for prosecution consideration. Moss has an extensive sexual misconduct history." The name on the October 2009 recommendation is illegible. Plaintiff has also submitted Exhibit "G" with his complaint. Exhibit "G" is titled "Administrative Segregation (Ad Seg) Initial Hearing Record and reflects a hearing was conducted by the Ad Seg Committee on October 27, 2009. The Ad Seg Committee recommended plaintiff's confinement in Ad Seg due to his 10/14/09 disciplinary case. Review of the signatures of the Ad Seg Committee members fails to reveal one by defendant MAES.

Nevertheless, regardless of the identity of the person(s) who recommended plaintiff's confinement and/or continued confinement in Ad Seg., a prison inmate has no protectable liberty interest or property interest in his custodial classification. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Plaintiff has no liberty interest in retaining classification as a general population inmate. "[A]bsent exigent circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional clam because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998); *Sandin v. Conner*, 515 U.S. 472, 485, 115 S.Ct. 2293,

132 L.Ed.2d 418 (1995)(no liberty interest in prisoner's administrative segregation absent atypical, significant deprivation).  Plaintiff's challenge to his continued confinement in administrative segregation is premised on a legally nonexistent right.  This claim lacks an arguable legal basis and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff LESLIE L. MOSS is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

LET JUDGMENT BE ENTERED ACCORDINGLY.

It is SO ORDERED.

Signed this the _____ 25t _____ day of October, 2012.

MARY LOU ROBINSON
United States District Judge